UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ERIC P ROBICHEAUX** | **CASE NO. 6:20-CV-00404** |
| **VERSUS** | **JUDGE JUNEAU** |
| **SOUTHERN FARM BUREAU LIFE INSURANCE CO** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) Motion to Dismiss and Motion for Partial Summary Judgment filed by Southern Farm Bureau Life Insurance Company ("Farm Bureau"). (Rec. Doc. 5). Plaintiff opposed the Motion (Rec. Doc. 10). Farm Bureau replied (Rec. Doc. 14). The Court allowed Plaintiff to file a Sur-Reply. (Rec. Doc. 19). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Farm Bureau's Motion be GRANTED.

## Factual Background

Plaintiff filed this diversity suit seeking disability insurance benefits and statutory penalties from his disability insurer, Farm Bureau. (Rec. Doc. 1). He alleged that he is disabled under the terms of the policies, that he provided medical documentation and other evidence supporting his claim for disability, and that Farm

Bureau denied his claim without good cause. He specifically pled penalties under Louisiana's insurance penalty statutes, La. R.S. 22:658, 22:1892, and 22:1821. (Rec. Doc. 1). Farm Bureau filed the instant Motion to Dismiss/Motion for Partial Summary Judgment seeking dismissal of Plaintiff's penalty claims.

## Law and Analysis

### I.  Applicable Law.

"In diversity cases, a federal court must apply federal procedural rules and the substantive law of the forum state." *Hyde v. Hoffmann-La Roche, Inc.,* 511 F.3d 506, 510 (5th Cir. 2007). Thus, Louisiana substantive law applies in this case.

Farm Bureau has moved for judgment under both F.R.C.P. Rule 12(b)(6) and for partial summary judgment under F.R.C.P. Rule 56. When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). In this case, because Farm Bureau contemporaneously filed a Motion for Partial Summary Judgment, which Plaintiff opposed as required by F.R.C.P. Rule 56, including by presenting evidence in opposition to the motion (Rec. Doc. 10), the Court considers Farm Bureau's Motion to Dismiss moot. Instead, the Court will consider only Farm Bureau's Motion for Partial Summary Judgment.

In considering a motion for summary judgment under F.R.C.P. Rule 56, the court is not limited to the contents of the pleadings, but it may consider materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. F.R.C.P. Rule 56(c)(1). Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(a). Rule 56(a) also permits partial summary judgment on any part of a claim or defense. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir.2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir.2000). A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008) (citing *Anderson,* 477 U.S. at 252); *Hamilton,* 232 F.3d at 477.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) (citing *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986)). If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact. *Washburn v. Harvey*, 504 F.3d at 508. All facts and inferences are construed in the light most favorable to the nonmoving party. *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

With these governing precepts in mind, the Court considers Plaintiff's Complaint and the documents Farm Bureau submitted in support of its motion for partial summary judgment, which include medical records and correspondence between Plaintiff and Farm Bureau representatives.

## II. **Applicable Penalty Statute.**

Plaintiff first sought penalties under La. R.S. 22:658. Plaintiff and Farm Bureau agree this statute is inapplicable. (Rec. Doc. 10, p. 1). Plaintiff also sought penalties under La. R.S. 22:1821 and 22:1892. 22:1821 "applies to claims arising under the terms of health and accident contracts." 22:1892 applies to claims against any insurer other than those to which 22:1811 and 22:1821 applies. Defendant argues that 22:1892 applies, while Plaintiff contends 22:1821 applies. The solution lies in the classification of the disability claim as either arising under a "health and accident" policy, or another type of policy.

La. R.S. 22:47(2)(a) defines "health and accident" insurance in pertinent part as "Insurance of human beings against bodily injury, disablement, or death by

accident or accidental means, or the expense thereof, or against disablement, or expense resulting from sickness or old age…" "Disability insurance is classified as health and accident insurance." *Scott v. Unum Life Ins. Co. of Am.,* 46,652 (La. App. 2 Cir. 12/19/11), 80 So. 3d 740, 750, *writ denied,* 2012-0199 (La. 3/30/12), 85 So. 3d 119. Louisiana jurisprudence has long classified disability insurance policies as such. See e.g. *Bowers v. Sun Life Assur. Co. of Canada*, 99-215 (La. App. 3 Cir. 6/30/99), 768 So. 2d 37, 40, *as amended on reh'g* (May 31, 2000), *writ denied sub nom. Bowers v. Sun Life Assurance Co. of Canada*, 2000-1978 (La. 10/6/00), 771 So. 2d 82; and *Felker v. Aetna Life Ins. Co.,* 234 So. 2d 758, 763 (La. Ct. App.), *writ refused,* 256 La. 377, 236 So. 2d 503 (1970).[1] Because 22:1821 applies to Plaintiff's disability claims, the Court finds that 22:1892 does not, and Plaintiff's claims for penalties under that statute should be dismissed.

### III. Viability of Plaintiff's Claims under La. R.S. 22:1821.

La. R.S. 22:1821(A) states in pertinent part:

> All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B of this Section, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during

---

[1] La. R.S. 22:1821 was formerly La. R.S. 22:657.

> which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney fees to be determined by the court.

The statute is penal in nature and must be strictly construed. *Stewart v. Calcasieu Par. Sch. Bd.,* 2005-1339 (La. App. 3 Cir. 5/3/06), 933 So. 2d 797, 801, *writ denied,* 2006-1910 (La. 11/3/06), 940 So. 2d 666. The burden is on the claimant to prove that the insurer had sufficient proof of loss and that it was arbitrary and capricious or lacked probable cause for denying the claim. *Id*. Whether an insurer acted arbitrarily and capriciously is a fact-based determination. *Id*.

> The determination of whether the insurer acted arbitrarily or capriciously must be based, at least in part, on the information known to the insurer at the time the claim was made. If the insurer has a good faith, reasonable explanation for its failure to timely pay on a claim, then the penalty provisions should not apply. Also, when a reasonable disagreement exists between an insurer and an insured, it is not arbitrary and capricious or without probable cause on the part of the insurer to deny payment on the claim that is in dispute. Whether there are such just and reasonable grounds is a question of fact."

*Id*.

See also *Nolan v. Golden Rule Ins. Co.,* 171 F.3d 990, 993 (5th Cir. 1999), citing cases. "Although a beneficiary may ultimately be determined to be entitled to policy benefits, this judicial determination does not in and of itself justify the invocation of penalties." *Id*., quoting *Colville v. Equitable Life Assurance Soc'y of United States,* 514 So.2d 678, 682 (La.App. 2d Cir.1987).

6

In support of its argument that it did not act arbitrarily and capriciously, Farm Bureau submitted correspondence between Plaintiff and Farm Bureau representatives and medical records, which reveal the following chronology:

- May 16, 2019 – An Attending Physician's Statement ("APS") from Dr. Kowalski to Farm Bureau indicated diagnoses of carotid artery stenosis bilaterally, "SOB," coronary artery disease, and hyperlipidemia. He indicated no restrictions or limitations. Where asked to state the date of total and/or partial disability, Dr. Kowalski indicated, "N/A." (Rec. Doc. 9, p. 3). Dr. Kowalski provided medical records regarding a March 2013 procedure for left heart catheterization and coronary angiography, coronary angioplasty of the left anterior descending coronary artery, and placement of a stent to the left anterior descending coronary artery. (Rec. Doc. 9, p. 4-12).

- June 26, 2019 – Jeffrey Martin, Farm Bureau Claims Consultant, denied Plaintiff's claims based upon Dr. Kowalski's APS and the fact that none of Plaintiff's providers expressed a finding of disability or that he was unable to perform his duties as an insurance agency manager. (Rec. Doc. 9, p. 13-14).

- July 9, 2019 – Mr. Martin requested that Dr. David Duddleston, Farm Bureau Vice President, Medical Director, review Plaintiff's claim based on heart disease and related stress. (Rec. Doc. 9, p. 15). On July 15, 2019, Dr. Duddleston advised Mr. Martin that he did not find Plaintiff to be disabled

7

due to either physical or mental issues. In reviewing the claims material submitted, Dr. Duddleston noted that Plaintiff had single vessel disease that was successfully stented, and that, though Plaintiff was followed regularly by his cardiologist, no functional impairments had been indicated. With regard to Plaintiff's mental issues, Dr. Duddleston noted that Plaintiff had treated with a social worker regularly from 2017 to 2019. Although multiple behavior issues regarding lifestyle choices seemed to have interfered with his marriage, these behaviors did not appear to be related to a deeper mental illness. Dr. Duddleston noted that Plaintiff had been able to manage outside business, including owning fitness centers and property development, and personal property with a farm and condominium remodel. He had treated with a social worker, rather than a primary care physician or psychiatrist and was not on medication. Dr. Duddleston concluded that Plaintiff has relatively mild coronary artery disease with a stent in one vessel, with no documentation of angina symptoms or limitations in activity, and that if he were to have medical treatment of depression, improvement was expected. (Rec. Doc. 9, p. 16-17).

- July 19, 2019 – Nancy Baker, Farm Bureau Vice President of Claims, advised Plaintiff that the appeal of his claim was denied after consideration of his Application for disability benefits, Attending Physician's Statement, and medical records from Cardiology Specialists of Acadiana, Center for

Psychiatric Solutions, Acadiana Family Physicians, and Brenda Walter, LCSW. The medical information he submitted did not document any limitations or restrictions from medical providers demonstrating that he was disabled from performing the material and substantial duties as an insurance agency manager, specifically referencing Dr. Kowlaski's APS indicating no limitations, restrictions, or disability.

- After having received an APS and addendum from Brenda Walters on August 15, 2019, Ms. Baker advised Plaintiff by September 17, 2019 letter that none of the medical information from his providers confirmed a medical impairment, and therefore, Farm Bureau would continue to deny the claim. (Rec. Doc. 5-2, p. 14-15).

- September 13, 2019 – In a Memorandum to Mr. Martin, Dr. Duddleston advised that he had reviewed the APS from Brenda Walters, who had recommended a leave of absence due to burnout, which had started ten years prior. According to Dr. Duddleston, burnout is not a medical condition, but an occupational phenomenon describing job dissatisfaction, which did not change his opinion that Plaintiff is not disabled. (Rec. Doc. 9, p. 18).

Plaintiff did not object to any of the facts shown in the foregoing evidence. Therefore, the Court considers such facts to be undisputed. See F.R.C.P. Rule 56(e). Rather than controvert the evidence described above, Plaintiff submitted additional

9

records from Brenda Walters. On October 23, 2019, Brenda Walters sent a letter to Ms. Baker at Plaintiff's request stating that Plaintiff suffers from a disability which prevents him from completing the material and substantial duties set out by his agency management. She opined that he suffered from poor judgment and diminished decision making ability caused by emotional burnout, which she otherwise classified as depression. Based on her clinical observations, she recommended that he retire for medical reasons. (Rec. Doc. 20-1).

The Court finds that the foregoing facts do not show that Farm Bureau's denial of Plaintiff's claim was arbitrary and capricious. The undisputed evidence shows that Plaintiff's treating cardiologist, Dr. Kowlaski, did not indicate any restrictions or limitations, and the medical records show that his heart condition appeared well-controlled. Farm Bureau's retained physician, Dr. Duddleston, did not dispute or discredit Dr. Kowlaski's opinion. Further, although Ms. Walters, a licensed clinical social worker, opined that Plaintiff suffered from burnout, Dr. Duddleston opined that the diagnoses of "burnout" constituted job dissatisfaction, rather than a medical diagnosis. The undisputed evidence shows that he was not taking any medication and had not treated with a psychiatrist or psychologist for any mental issues. Farm Bureau could reasonably rely on these facts to justify denying Plaintiff's claim. Although the trier of fact may ultimately determine that Plaintiff is entitled to disability benefits, the Court finds, on the uncontroverted evidence presented, that

Farm Bureau had just and reasonable grounds to deny Plaintiff's claim such that it should not be liable for penalties and attorneys' fees under La. R.S. 22:1821.

The Court's conclusion that Farm Bureau is not liable for penalties under La. R.S. 22:1821 is supported by Louisiana and federal jurisprudence. See e.g. *Anderson v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CIV.A. 09-616-BAJ, 2010 WL 4923136, at *3 (M.D. La. Nov. 29, 2010) (Insurer was not arbitrary and capricious in denying the plaintiff's claims under a disability policy where its decision was based on uncontroverted medical evidence.); *Colville v. Equitable Life Assur. Soc'y of U.S.*, 514 So. 2d 678, 684 (La. Ct. App. 1987) (The existence of a genuine dispute as to the plaintiff's entitlement to disability benefits did not entitle the plaintiff to recover penalties and attorneys' fees under the statute.); *Schmidt v. Blue Cross & Blue Shield of Louisiana, Inc.,* 33,910 (La. App. 2 Cir. 9/27/00), 769 So. 2d 179, 181–82, *writ denied,* 2000-3011 (La. 12/15/00), 777 So. 2d 1234 (Analogizing the penal provisions of 22:1821 to a similar provision in the workers' compensation setting and suggesting that an insurer is not arbitrary and capricious upon the showing of a reasonably controverted claim, wherein the insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant. Insurer had just and reasonable grounds to deny the claim based on conflicting medical evidence as it pertained to policy language.).

## **Conclusion**

For the reasons discussed herein, the Court recommends that Farm Bureau's Motion to Dismiss/Motion for Partial Summary Judgment (Rec. Doc. 5) be GRANTED and that Plaintiff's claims for penalties and attorneys' fees under La. R.S. 22:658, 22:1892, and 22:1821 be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 17th day of July, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE